## Thomas Hooper *v.* Asa Kittredge.

The owner of lands lying in common with those of another adjoining proprietor, where no steps have been taken in reference to building a division fence, cannot impound horses, which the other proprietor has turned into his own portion of the lot, and which have been thus permitted to come upon the other's land, and do damage thereon.

Under the Revised Statutes, in case of impounding cattle *damage feasant,* such notice as was given in the case of *Moore* v. *Robbins,* 7 Vt. 363, is sufficient.

REPLEVIN for two horses, distrained and impounded by the defendant on lot No. 12 in Johnson.

The defendant avowed, justifying the taking and impounding the horses *damage feasant* on said lot No. 12. The defendant alleged that he was the owner in fee of the south half of said lot, excepting a parcel of land in the south east corner of said lot, which was owned by the plaintiff; that the said horses, for several days previous to the time of the impounding, continued trespassing upon that part of the lot belonging to the defendant, and doing damage thereon, through the default and neglect of the plaintiff in not making his half of the division fence between the parcels of said lot, so owned by the parties; that the parties had, for many years previous to the impounding, and at that time, permitted the said parcels of said lot to remain unfenced upon the line between them, but had each occupied in severalty his own field, without any legal fence being built by either, and without any designation of what part each should build and make; and that, while the parcels of land were thus occupied, without any division fence between them, the plaintiff turned the horses into his parcel, and that they came from thence across the line into the defendant's parcel, and were there taken by him *damage feasant* and impounded.

In reference to notice, the defendant alleged in his avowry that he made and signed a written notice of the impounding, and sent the same by one Bulkley to the defendant, within twenty four hours after the impounding, that the plaintiff refused to receive the same, and that the said Bulkley thereupon left a copy of said notice at the dwelling house of the plaintiff, and also at the same time personally and verbally informed the plaintiff of said impounding by the defendant.

To this avowry the plaintiff demurred, and the county court rendered judgment for the plaintiff, for nominal damages, by the plaintiff's consent.　Exceptions by defendant.

*S. Wires* for plaintiff.

There are two fatal defects in the defendant's avowry.

1. He no where alleges, that, within twenty four hours after the impounding of said horses, he gave notice thereof to the plaintiff in

either of the modes specified by the statute. Rev. St. 412, § 5. *Adams* v. *Nichols,* 1 Aik. 316. *Sutton* v. *Beach,* 2 Vt. 42.

2. The defendant avows that the horses came into his inclosure through the insufficiency of fence which each and both the parties were bound by law to make and repair equally, but which they had neglected to make. Now it is insisted, that, even upon common law principles, the defendant would have no right to impound the horses taken in this inclosure, while it remained thus destitute of fence. The case of *Mooney* v. *Maynard,* which was controlled by the provisions of the statute of 1797, expressly decides that neat cattle, taken *damage feasant,* could not be impounded by the owner of the inclosure in which they were taken, unless his part of the fence was legal. In regard to horses the rule was different until the passing of the Revised Statutes, which make no distinction between neat cattle and horses, except stallions. Sl. St. 453, § 9. Rev. St., c. 88.

*J. Sawyer* for defendant.

1. It stands admitted by the pleadings, that the parties had mutually consented to occupy their adjoining fields without a line fence, until, at least, reasonable notice should be given by one to the other to the contrary ; and that, without any alteration of this condition of things, and before the defendant had removed his crops, the plaintiff turned his horses into the field, and permitted them to run there without restraint, — which, to all legal purposes, was turning them into the defendant's adjoining field.

It is a general rule of common law, that each owner runs the risk of his own cattle ; and, if they escape and do damage, they are liable to be impounded, whatever might be the condition of the impounder's fences. Bradbury on Distress, 196, 198, 199. 3 Bl. Com. 8. 1 Esp. N. P. 361, citing Rolle's Abr. 405, 506. Where a river, not navigable, divides adjoining proprietors' lands, if one pastures and the other mows, he that pastures must build all the fence. *Bissell* v. *Southworth,* Swift's System 92. The respective occupiers of two closes adjoining are neither bound to make fences, unless divided by writing, assigned by statute, or by prescription. *Rust* v. *Law et al.,* 6 Mass. 90. The owner of a close is not obliged to

fence, but against the escape of cattle lawfully in the adjoining ground. *Melody* v. *Reab*, 4 Mass. 471.

The Revised Statutes, page 413, § 16, direct in reference to building division fences. In the same statute, page 417, § 10, is the exception,—"unless the parties choose to let their lands lay vacant and open,"—and this cannot mean vacant and open as to the whole world, but as to themselves. The parties in this case chose to do this, and the plaintiff turned his horses on to the defendant's land, or, what is tantamount, upon his own land, *open and vacant* with those of the defendant, without restraint.

2. The notice given to the plaintiff was sufficient. *Moore* v. *Robbins*, 7 Vt. 363.

The opinion of the court was delivered by

REDFIELD, J. The important question arising in this case, in regard to the sufficiency of the avowry, is, whether persons, whose lands adjoin each other,—both being under cultivation, and no steps taken towards a division fence,—can either of them impound the cattle, or horses, of the other, which the owner puts into his own portion of the field, and which are thus permitted to go upon the other's portion, and there do damage. It is not, in this case, alleged that any agreement existed between the proprietors of the several fields not to turn in cattle, but only that, there being no division fence made, and no steps taken by either towards compelling the erection of such fence, the plaintiff turned his horses into his own field, lying in common with that of the defendant.

From the manner in which the avowry is drawn, it would seem that the pleader might have supposed, in such case, that the owner of the horses would be in fault, upon the ground that every owner of such animals is obliged to restrain them from running at large, and that, if they are found going at large, doing damage, they may be impounded, notwithstanding the insufficiency of the fences to the inclosure, where they are found doing damage. This is doubtless the rule in regard to the fences adjoining the highway. But in regard to fences adjoining the lands of others the rule is otherwise. The Revised Statutes, page 413, § 16, expressly enact, that "no person shall have a right to impound any beast taken doing damage,

Hooper *v.* Kittredge.

unless the fence to the inclosure, in which such beast was taken, shall be legal and sufficient, except fences adjoining the highway, and fences that the owner of such beast is required by law to make and repair." Now it is obvious that the defect of fences, in this case, is not within either of the excepted cases; nor is here any agreement not to turn in,—which, in the action of trespass, and perhaps replevin, under the old statute, has been construed a dispensation with the necessity of legal fences. We think, therefore, that the avowry is, on this account, fatally defective.

The notice, being substantially the same as that in *Moore* v. *Robbins,* 7 Vt. 363, we think sufficient,—the present and the former statute, in regard to the sufficiency of personal notice, being almost identical in terms, and altogether so in their import.

Judgment affirmed.